[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Thomas Paklos appeals the decision of the Commissioner of Motor Vehicles suspending his operator's license for ninety days pursuant to General Statutes 14-227b. The appeal is bought pursuant to 4-183. The court finds the issues in favor of the defendant Commissioner.
In his brief and at oral argument, the plaintiff has asserted a single basis for his appeal. He contends that there was insufficient evidence for the hearing officer to find that the police officer was legally entitled to stop the plaintiff prior to developing probable cause for his arrest on the drunk driving charge.
At the administrative hearing, the police officer did not testify, but his written report was admitted in evidence. The plaintiff appeared and testified. The police officer's report states that he was dispatched by his headquarters to investigate a citizen's complaint that an apparently intoxicated person was operating a white station wagon with a specified license plate number. The report goes on to relate that the officer then observed that vehicle swerving back and forth across the double yellow divider lines on state highway Route 30 in Vernon. He stopped the vehicle based on those facts. The plaintiff testified that he did not cross the divider lines or otherwise operate in an erratic manner. It is undisputed that the plaintiff was operating the vehicle when the police officer stopped it.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme, 216 Conn. 172, 184 (1990).
"Judicial review of the commissioner's action . . . is very restricted . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the CT Page 6492 court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976). In this case, the evidence in the record, as summarized above, was sufficient for the hearing officer to determine that the police officer had the requisite reasonable and articulable suspicion that the operator of the vehicle was violating motor vehicle laws so as to stop him, lawfully, for further investigation. See General Statutes14-230. That being so, the court cannot disturb the hearing officer's conclusion, notwithstanding the fact that the plaintiff presented conflicting evidence.
The plaintiff's appeal is dismissed.
MALONEY, J.